FIRST NATIONAL BANK OF PORTAGE, Respondent, vs. WISCONSIN NATIONAL BANK OF WATERTOWN, Appellant.

*January 11—February 7, 1933.*

For the appellant the cause was submitted on the brief of *R. W. Lueck* of Watertown.

For the respondent there was a brief by *Bogue & Sanderson,* and oral argument by *T. H. Sanderson* and *M. L. Meister,* all of Portage.

OWEN, J. On the 20th day of February, 1931, the Watertown Mortgage Loan & Investment Company delivered to the American Beauty Sales Company its check drawn on the Wisconsin National Bank of Watertown for $4,261.75. On Saturday, the 21st day of February, 1931, the American Beauty Sales Company deposited said check to its account in the First National Bank of Portage, expressing its intention to the latter bank to immediately draw against the account so deposited. Before giving the Sales Company credit for the amount of the check so that it might draw against it, it telephoned to the Watertown bank to ascertain if the check was good. The Watertown bank responded that the drawer of the check then had sufficient credit in the bank to cover the amount thereof, whereupon the Portage bank gave the Sales Company credit for the amount of the check. The check was immediately forwarded to the Watertown bank. The following day was Sunday, the 22d of February, and the Monday following was generally observed as a legal holiday, which was especially true of the plaintiff and defendant banks. The Watertown bank, therefore, did not receive the check until Tuesday, the 24th day of February. It received the check on the morning of the 24th in due course of mail. It was handled within the bank according to the custom of the bank, resulting in its being stamped paid, and the amount thereof charged against the account of the drawer, Watertown Mortgage Loan & Investment Company.

In its letter transmitting the check, the plaintiff bank requested the defendant bank to remit the proceeds of the

check to the First Wisconsin. National Bank for the credit of the plaintiff bank.

On February 24th, after said check had been stamped paid and the amount thereof charged against the account of the drawer, the defendant bank wrote the plaintiff bank that it had that day sent to the First Wisconsin National Bank of Milwaukee, Wisconsin, "for your credit as per your instructions, draft for the amount of the check."

It appears that on February 25th the drawer of the check assumed to stop payment thereof by notifying the Watertown bank not to honor the same. This was after the same had been paid, as aforesaid. On February 26th defendant wrote plaintiff stating that defendant had stopped payment on the draft sent by it to the First Wisconsin National Bank of Milwaukee which it had remitted as payment of the check, that it was holding the check, and that it would return it to the Portage bank or hold it until things were straightened out. The Watertown bank stopped payment on its draft sent to the First Wisconsin National Bank, and plaintiff brought this action to recover the amount of the check. The trial court rendered judgment in favor of the plaintiff and the defendant brings this appeal.

The manner in which the Watertown bank handled the check upon its receipt amounted to an acceptance or payment of the check, and constituted a full consummation of the transaction initiated by the drawing of the check. The check had no further vitality except as a voucher. The drawer thereof had no further control over the check and had no power whatever to stop payment thereof. The Watertown bank plainly became the debtor of the Portage bank and assumed liability to the latter bank for the amount of the check. Sec. 116.67, Stats.; sec. 116.62, Stats.; *Fidelity & Casualty Co. v. Planenscheck,* 200 Wis. 304, 227 N. W. 387; *Consolidated Nat. Bank v. First Nat. Bank,* 129 App. Div. 538, 114 N. Y. Supp. 308, and the numerous

authorities collated in the comprehensive brief of respondent. To use the words of the New York case above cited, the legal effect of what the Watertown bank did was just the same "as though a messenger from the plaintiff bank had presented the check at the teller's window of the defendant bank and received therefor the currency."

*By the Court.*—Judgment affirmed.